SUSAN HIGGINS ET AL. *v.* JOHN AMBROGIO ET AL.
(6971)

BORDEN, DALY and NORCOTT, Js.

Argued June 15—decision released September 5, 1989

*Mark Rademacher,* for the appellants (plaintiffs).
*Richard C. Robinson,* for the appellees (defendants).

PER CURIAM. The plaintiffs appeal from the judgment of the trial court, *Hon. Joseph W. Bogdanski,* state trial referee, dismissing their action pursuant to Practice Book § 302 for failure to make out a prima facie case. The plaintiffs claim that the court erred by dismissing their action because they had made out a prima facie case. We find no error.

The plaintiffs are taxpayers of the town of Hamden. The named defendant, John P. Ambrogio, is the police chief of Hamden, and the other defendants are Ambrogio's secretary, Lorraine Papa, the former mayor of the town, Peter Villano, and the town itself. The plaintiffs' revised complaint, in thirteen counts,[1] alleged in each count that in April, 1983, Ambrogio and Papa submitted to the town a claim asserting that Ambrogio was entitled to be paid by the town for 156 unused vacation days, thirty unused compensatory days, 120 unused sick days, and 23,293.5 hours of overtime. The complaint further alleged that each defendant knew or should have known that the town did not owe Ambrogio compensation for these claimed items, and that Villano paid Ambrogio $22,468.80 from the funds of the town. The complaint also alleged in each count that "[a]t the time he received such payment, defendant Ambrogio was not legally entitled to receive it," and that at the time of the payment each defendant "knew or should have known that defendant Ambrogio was not legally entitled to receive the said payment." The

---

[1] An additional count was initially directed against the attorney for the town, but the plaintiffs ultimately withdrew the action against him.

various prayers for relief were to require the defendants to repay the town the sum of $22,468.80.[2] Although the various counts against the defendants are cast in differing legal theories, such as theft, fraud, negligence and conspiracy, the basic factual allegations are common to all counts.

Ambrogio and Villano moved to dismiss the complaint on the ground that the plaintiffs lacked standing because there was no increase in their taxes as a result of the claimed payment to Ambrogio. The trial court, *Mulcahy, J.,* after an evidentiary hearing, rejected the defendants' claims in a thorough and thoughtful memorandum of decision, and denied the motion to dismiss. After the plaintiffs had rested their case at trial, the trial court granted the defendants' motion for judgment of dismissal pursuant to Practice Book § 302.[3] This appeal followed.

Because it is based on subject matter jurisdiction, we first consider the defendants' claim, presented as an alternate basis to sustain the judgment of the trial court, that the plaintiffs did not establish taxpayer standing. We disagree. Judge Mulcahy correctly applied the law of taxpayer standing; see, e.g., *American-Republican, Inc.* v. *Waterbury,* 183 Conn. 523, 526–28, 441 A.2d 23 (1981); to the facts found, and concluded that the money paid to Ambrogio came from local tax

---

[2] The prayer for relief against the town was that it reduce its current total tax bill by that amount. We read this request as derivative of and dependent on the claim for repayment by the individual defendants. The prayers for relief also asked for unspecified compensatory and punitive damages. It is clear, however, that these claims are also derivative of and dependent on the principal claim of the plaintiffs for repayment of the $22,468.80 paid to Ambrogio by the town.

[3] Practice Book § 302 provides in pertinent part: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

revenues, and that the plaintiffs demonstrated a sufficiently colorable claim to confer such standing on them. Id., 527.[4]

We turn, therefore, to the plaintiffs' claim that the court erred in concluding that they did not make out a prima facie case. Taking the plaintiffs' evidence at its best, as we must in reviewing a judgment of dismissal pursuant to Practice Book § 302; see, e.g., *Bolmer* v. *Kocet*, 6 Conn. App. 595, 603, 507 A.2d 129 (1986); we conclude that the court did not err.

It is not necessary to relate all the evidence produced by the plaintiffs, which focused on claimed misrepresentations by Ambrogio and Papa regarding the documentation supporting Ambrogio's claims for overtime, vacation days and sick time. No matter how one reads the plaintiffs' complaint, it was critical to all their claims that they prove Ambrogio was not entitled to receive $22,468.80 from the town. The linchpins of all the counts of their complaint are the allegations that Ambrogio was not entitled to receive payment of that amount, and that the defendants knew or should have known that he was not so entitled. As the defendants argue, and the plaintiffs do not contend otherwise, only if the court were to conclude that he was not so entitled could it grant the relief required by the plaintiffs, namely, that the defendants repay the town that amount.

It is clear from this record, however, that the payment of that amount to Ambrogio consisted solely of compensation for unused vacation and compensatory time, and did not include payment for overtime or for unused sick days. It is also clear that, irrespective of

---

[4] We therefore decline to unsnarl the procedural tangle regarding standing that ensued at the trial, because it is unclear whether the state trial referee reconsidered the facts found by Judge Mulcahy and the law he applied to them, and neither side sought an articulation in that regard.

how Ambrogio presented his claim, there was no evidence that he was not entitled to be paid that amount for those particular items. Indeed, the only evidence produced indicated that he was so entitled. Thus, the trial court was correct in rendering a judgment of dismissal pursuant to Practice Book § 302.

There is no error.