DISCOVER LEASING, INC. *v.* RAYMOND J. MURPHY, JR.
(11810)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued October 26—decision released December 28, 1993

*Thomas E. Crosby,* for the appellant (plaintiff).

*William J. Nulsen,* for the appellee (defendant).

LAVERY, J. The plaintiff appeals from the judgment rendered by a trial referee dismissing the plaintiff's conversion action for failure to establish a prima facie case.[1] The plaintiff claims that the trial referee improperly (1) failed to act on the motion to modify the report, (2) granted the motion to dismiss for failure to make out a prima facie case, (3) excluded certain evidence, and (4) demonstrated partiality during the trial. Because we agree with the plaintiff's claim regarding its prima facie case, we need not address its other claims.

The plaintiff in this action, Discover Leasing, Inc. (Discover), provided financing for leases of capital equipment and automobiles. Discover was incorporated with two shareholders: the defendant, Raymond J. Murphy, Jr., and Patricia Leninski. In addition to being a

---

[1] The plaintiff also challenges what appears to be a decision on the merits in favor of the defendant. The trial court's judgment states, "The Court, having heard the parties, finds the issues for the defendant, and that the defendant's motion to dismiss should be granted and judgment entered on behalf of the defendant . . . ." The trial court could not render a decision on the merits in this case. First, the court had previously dismissed the plaintiff's case for failing to make out a prima facie case. Thus, the case was no longer before the court. Second, because the defendant had never rested his case, the merits of the action were not before the court for adjudication. Therefore, we will address the plaintiff's appeal from the trial court's judgment of dismissal in favor of the defendant, the only judgment properly before the trial court.

minority shareholder, Murphy was president of the corporation and ran day-to-day operations. Leninski was the corporation's majority shareholder and secretary.

In late 1988, Leninski learned that Murphy had made some unauthorized transfers of Discover funds to Becker Associates, a Rhode Island company, and had been receiving interest on the funds. She fired Murphy and the corporation removed him from his offices. After conducting an audit, Discover brought this action against Murphy, claiming conversion and statutory theft in the amount of $155,051.

The matter was transferred to a trial referee pursuant to Practice Book § 430[2] for trial. At the close of Discover's case, the defendant moved for a "directed verdict." The state trial referee, using a preponderance of the evidence standard and considering only the credible evidence, granted "the defendant's motion to dismiss." Discover appeals from the judgment of dismissal.

I

The nature of the motion acted on in the trial court determines the proper standard to be used by that court as well as our standard of review on appeal. Thus, we must first clarify what occurred at trial.

At the close of Discover's evidence, the defendant moved for a directed verdict. "A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion . . . ." (Citations omitted; internal quotation marks omitted.) *Churchill* v. *Skjerding*, 31 Conn. App. 247, 251, 624

---

[2] Practice Book § 430 provides in pertinent part: "[T]he judicial authority may refer any civil nonjury case or, with the written consent of the parties or their attorneys, any civil jury case, pending before such court, in which the issues have been closed, to a trial referee, who shall have and exercise the powers of the superior court in respect to trial, judgment and appeal in such case. . . ."

A.2d 900, cert. denied, 226 Conn. 914, 628 A.2d 986 (1993). Directed verdicts are properly considered by the trial court at any time after the close of the plaintiff's case-in-chief. Practice Book § 321. If the motion for a directed verdict is denied, the defendant may offer evidence. Id. Directed verdicts shift the decision from the jury to the trial court. *Red Maple Properties* v. *Zoning Commission,* 222 Conn. 730, 736, 610 A.2d 1238 (1992). Where there is no jury, directed verdicts are not required or available. *Commissioner of Welfare* v. *Rynecki,* 37 Conn. Sup. 560, 564, 426 A.2d 1329 (1980); see also *Haag* v. *Beard Sand & Gravel Co.,* 151 Conn. 125, 127, 193 A.2d 711 (1963).

In this case, there was no jury. Thus, it is clear that the defendant's motion for a directed verdict was improper. We now turn to the trial referee's granting of a motion to dismiss. That too was an improper vehicle in this instance.

Practice Book § 142[3] grants defendants the power to move to dismiss actions against them. "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit 'as to facts not apparent on the record.' " *Bradley's Appeal from Probate,* 19 Conn. App. 456, 461–62, 563 A.2d 1358 (1989); see Practice Book § 142. A ruling on a motion to dismiss is neither a ruling on the merits of the action; *Amore* v. *Frankel,* 29 Conn. App. 565, 570–71, 616 A.2d 1152 (1992), cert. granted, 225 Conn. 904, 621 A.2d 286 (1993); nor a test of whether the complaint states a cause of action. *Pratt* v. *Old Saybrook,* 225 Conn. 177, 185, 621 A.2d 1322

---

[3] Practice Book § 142 provides in pertinent part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

(1993); see Practice Book § 143.[4] Motions to dismiss are granted solely on jurisdictional grounds. *Caltabiano* v. *Phillips,* 23 Conn. App. 258, 265, 580 A.2d 67 (1990); see Practice Book § 143. Further, motions to dismiss must be made within thirty days of filing an appearance. Practice Book § 142.

Thus, the referee's granting of a § 142 motion to dismiss would have been improper both as to substance and timing. Rather, the defendant's motion challenged the sufficiency of the plaintiff's prima facie case. This type of challenge is properly raised by a motion to dismiss for failure to make out a prima facie case pursuant to Practice Book § 302.[5]

A trial court can dismiss an action where it believes the plaintiff has failed to make out a prima facie case. Practice Book § 302; *Season-All Industries, Inc.* v. *R. J. Grosso, Inc.,* 213 Conn. 486, 493, 569 A.2d 32 (1990). "[W]hen the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff," dismissal under Practice Book § 302 is appropriate. *Hinchliffe* v. *American Motors Corp.,* 184 Conn. 607, 609, 440 A.2d 810 (1981); *Gulycz* v. *Stop & Shop Co.,* 29 Conn. App. 519, 523, 615 A.2d 1087 (1992). A § 302 motion is properly considered at the close of the plaintiff's evidence. *Carnese* v. *Middleton,* 27 Conn. App. 530, 539, 608 A.2d 700 (1992). A denial of a § 302 motion gives the plaintiff the opportunity to have the

---

[4] Practice Book § 143 provides in pertinent part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. . . ."

[5] Practice Book § 302 provides in pertinent part: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

fact finder pass on the merits of the case. *Berchtold* v. *Maggi,* 191 Conn. 266, 271, 464 A.2d 1 (1983).

In considering a motion under Practice Book § 302, a trial court must consider all of the plaintiff's evidence to be true. *Hinchliffe* v. *American Motors Corp.,* supra, 609–10; *Bolmer* v. *Kocet,* 6 Conn. App. 595, 603, 507 A.2d 129 (1986). Further, a trial court must draw all reasonable inferences in the plaintiff's favor. *Pagni* v. *Corneal,* 13 Conn. App. 468, 470, 537 A.2d 520, cert. denied, 207 Conn. 810, 541 A.2d 1239 (1988). The limitations of a § 302 motion contrast with the trial court's discretion in ruling on the merits of a case. Once a case is presented to the trial court for final decision, the trier is released from having to treat the plaintiff's evidence as true and can disbelieve any evidence, even if the evidence is uncontroverted. *Strickland* v. *Vescovi,* 3 Conn. App. 10, 15, 484 A.2d 460 (1984).

Here, the defendant challenged the plaintiff's prima facie case, after the plaintiff rested, in a civil matter tried to the court. Thus, this procedural posture makes it evident that the defendant moved to dismiss under § 302.

## II

On appeal of a dismissal pursuant to Practice Book § 302, we take the plaintiff's evidence as true; *Higgins* v. *Ambrogio,* 19 Conn. App. 581, 584, 562 A.2d 1154 (1989); and consider the trial court's conclusions in light of the evidence in the record. *Bershtein, Bershtein, & Bershtein* v. *Nemeth,* 221 Conn. 236, 239, 603 A.2d 389 (1992). "Whether the plaintiffs established a prima facie case is a question of law." *Wordie* v. *Staggers,* 27 Conn. App. 463, 465, 606 A.2d 734 (1992); *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.,* 187 Conn. 544, 561, 447 A.2d 406 (1982). "We must determine whether the trial court properly determined that the plaintiff failed to provide sufficient evidence to support

his prima facie case." *Ivimey* v. *Watertown,* 30 Conn. App. 742, 751, 622 A.2d 603, cert. denied, 226 Conn. 902, 625 A.2d 1375 (1993), citing *Logan* v. *O'Neill,* 187 Conn. 721, 728, 448 A.2d 1306 (1982).

Discover alleged that the defendant had committed conversion and statutory theft in violation of General Statutes § 52-564.[6] Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. *Devitt* v. *Manulik,* 176 Conn. 657, 660, 410 A.2d 465 (1979). To establish a prima facie case of conversion, Discover had to demonstrate that (1) the funds invested with Becker Associates belonged to Discover, (2) that the defendant deprived Discover of its funds for an indefinite period of time, (3) that the defendant's conduct was unauthorized, and (4) that the defendant's conduct harmed Discover. See id.

Statutory theft is synonymous with larceny under General Statutes § 53a-119.[7] *Lauder* v. *Peck,* 11 Conn. App. 161, 165, 526 A.2d 539 (1987). To establish a prima facie case of statutory theft, Discover had to demonstrate that (1) the funds invested with Becker Associates belonged to Discover, (2) that the defendant intentionally deprived Discover of its funds, and (3) that the defendant's conduct was unauthorized. See General Statutes § 53a-119.

---

[6] General Statutes § 52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

[7] General Statutes § 53a-119 provides in pertinent part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes but is not limited to:

"(1) Embezzlement. A person commits embezzlement when he wrongfully appropriates to himself or to another property of another in his care or custody. . . ."

Viewing Discover's evidence as true, it is clear that Discover established that the defendant had invested Discover money with Becker Associates. Leninski testified that the defendant had done so. Steven Greenberg, a Discover employee, and Stacey Kaplunic Emmanuel, a former girlfriend of the defendant, both testified that the defendant admitted sending Discover money to Becker Associates. Richard Silkoff, a certified public accountant, testified that a forensic audit confirmed Leninski's testimony about the dates and amounts of those investments. Finally, the fact that Becker Associates repaid $100,000 to Leninski after the defendant was fired further supports Discover's contention that the money invested with Becker belonged to Discover.

Discover established that the defendant had deprived Discover of its funds for five to seven months. Leninski and Silkoff testified that the first withdrawal was made in April, 1988, followed by two more withdrawals in June, 1988. Leninski also testified that a portion of the funds was returned by Becker Associates in late 1988 or early 1989. The balance of the money remains missing.

Discover also established that the defendant acted without authorization. Leninski testified that she had not authorized any investment with Becker. Further, one of the withdrawals was made with a single signature check and another was made via wire transfer, contravening normal practice. Leninski and Greenberg both testified that Leninski fired the defendant as soon as she learned of his activities.

Discover established that the defendant had employed Discover funds for his own purposes. Emmanuel and Greenberg both testified that the defendant told them that he was receiving approximately $3000 per week in interest from the Becker investments. They further

testified that the defendant told them he split the interest payments among Discover, Ken Nelson, another Discover employee, and himself, one third to each. Emmanuel testified that she saw the defendant receive these weekly sums for four to six months, ending when the defendant was fired.

In sum, Discover's evidence, taken as true, established that the defendant had employed corporation funds for his own benefit, without authorization, to the detriment of Discover. Thus, when it rested, Discover had established a prima facie case of conversion and statutory theft and the defendant's § 302 motion to dismiss should have been denied.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.