[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Pro se plaintiff.
Tyler, Cooper Alcorn for defendant.
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS ANDPLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION
In this civil action, the plaintiff Town of Glastonbury seeks temporary and permanent injunctions pursuant to General Statutes § 52-568(b) prior to its amendment by Public Act 93-191 (the Act), effective July 1, 1993, and also pursuant to General Statutes § 1-21i(b) as amended by the Act. The defendant moves to dismiss the action. The plaintiff moves for an immediate temporary injunction. The court heard oral argument on both motions on September 13, 1993.
Certain procedural facts are undisputed. The defendant filed four complaints with the Freedom of Information Commission (FOIC) against the Town during 1992. The FOIC dismissed each of those complaints for the same reason, finding that the defendant had brought them "frivolously, without reasonable grounds and solely for the purpose of harassing the (Town)." The defendant has appealed each of these dismissals to this court pursuant to General Statutes § 4-183, and the court has consolidated them with this action. These administrative appeals have not been heard or decided by the court, and they are not under consideration by the court at this time.
In August and September 1993, subsequent to the effective date of the Act, the defendant filed three more complaints with the FOIC against the Town. The FOIC declined to schedule the complaints for a hearing, finding each would "perpetrate an injustice and would constitute an abuse of the Commission's CT Page 10380-A administrative process." The FOIC's action was based on section 2 of the Act.
General Statutes § 52-568, prior to its amendment by the Act, permits a public agency such as the Town to apply to this court for an injunction against any person who has prosecuted at least two FOIC complaints against it during a twenty-four month period and who has been found by the FOIC to have brought those complaints "(1) frivolously, (2) without reasonable grounds and (3) principally for the purpose of harassing the agency. . . ." The injunction that the court may issue under this statute is limited to one barring the person from bringing any further FOIC complaints which are frivolous etc. This statute clearly applies with respect to the complaints that the defendant filed against the Town during 1992, and the action taken by the FOIC, as summarized above.
Section 2 of the Act permits a public agency to apply to this court for an injunction against any person who has brought an FOIC complaint against it when the FOIC has "determined and found that such (complaint) or the underlying request would perpetrate an injustice or would constitute an abuse of the commission's administrative process." The injunction that the court may issue under this statute is limited to one barring the person from bringing future FOIC complaints that would perpetrate an injustice or constitute an abuse of the administrative process. The Act clearly applies with respect to the complaints the defendant filed against the Town in August and September 1993, and the action taken by the FOIC, as summarized above.
The defendant moves to dismiss the injunction action on the basis that his appeals of the FOIC's dismissals of the 1992 complaints have not yet been heard and decided by this court. Therefore, he argues, the court would be acting prematurely in granting an injunction at this time because the FOIC's actions, on which the injunction would be based, have not yet been validated in the administrative appeal process.
"A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." Discover Leasing, Inc. v. Murphy,33 Conn. App. 303, 306-307 (1993). In the present case, the CT Page 10380-B defendant has not asserted any jurisdictional grounds for his motion to dismiss. Rather, his asserted grounds for the motion are that the FOIC's findings with respect to his complaints against the plaintiff Town are subject to final affirmance by the court on appeal and are, therefore, insufficient at this time to provide a basis for an injunction. This is essentially an argument on the merits of the plaintiff's complaint and does not call into question the court's jurisdiction. The defendant's motion to dismiss may not, therefore, be granted.
The court has reviewed the statutes cited by the Town as the bases for its request for injunctive relief and, as summarized above, agrees that they apply to the undisputed facts of this case. In essence, a public agency's right to obtain a limited injunction is established whenever the FOIC makes the requisite findings in accordance with the applicable statute. That was done in this case. The only question remaining is whether the defendant's pending appeals of the FOIC's actions require the court to defer issuing the injunction until those appeals have been decided. The court concludes that neither the law nor the circumstances of this case require that the plaintiff be denied, at this time, the limited injunctive relief that the statutes provide.
As specifically set forth in the statutes, and as repeatedly emphasized by the plaintiff in its brief and oral arguments, the injunction the Town seeks would merely prohibit the defendant from bringing complaints to the FOIC which: (1) are frivolous, without reasonable grounds, and principally for the purpose of harassing a public agency; or (2) would perpetrate an injustice or would constitute an abuse of the administrative process. The injunction would be entirely prospective, applying only to complaints not yet filed and perhaps not even contemplated by the defendant. The injunction the Town seeks would not bar the defendant from making all requests for public records, however, and from appealing to the FOIC under the applicable statutes if the Town were wrongfully to deny him access. The only effect the injunction would have would be to prohibit the defendant from utilizing the FOIC complaint and appeal process to pursue requests that the statutes make illegal in any event.
To summarize, the defendant's motion to dismiss is denied. The plaintiff Town's motion for temporary injunction, in accordance with its terms and consistent with this opinion, is granted.
Maloney, J. CT Page 10380-C