[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I. FACTUAL AND PROCEDURAL BACKGROUND
The plaintiffs have filed a forty count revised complaint, CT Page 7600 dated August 30, 1996, alleging that they have been improperly paid by the defendant, Lawrence Brunoli, Inc., on six public works projects in Connecticut. On September 5, 1996, the defendant, Fireman's Insurance Company of Newark, New Jersey (hereinafter, "Fireman's"), filed a Motion to Dismiss the fortieth count of the revised complaint on the ground that it fails to comply with the jurisdictional prerequisites of General Statutes § 49-42 (b). The plaintiffs filed an objection to the Motion to Dismiss, dated September 18, 1996. This court heard oral argument on both the motion and the objection on September 23, 1996.
The fortieth count of the plaintiffs' revised complaint alleges a bond claim against Fireman's under General Statutes § 49-41 et seq. Under General Statutes § 49-42 (b), courts are given the authority to hear a bond claim by a plaintiff provided that "[e]very suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was tobe performed. . ." (Emphasis added.) Id. Fireman's contends that since the six different projects mentioned in the complaint are not all in the Hartford-New Britain judicial district, the plaintiffs have failed to comply with the jurisdictional prerequisites of the statute.
On July 15, 1996, Fireman's moved to strike the original complaint based upon improper venue, the identical claim asserted in the present motion to dismiss. On August 5, 1996, the court (Arena, J.) denied the motion to strike, ruling that the proper motion was a motion to dismiss.
The plaintiffs argue that the motion to dismiss should be denied because Fireman's has waived its right to move to dismiss the fortieth count by previously filing a motion to strike. The plaintiffs contend that since Fireman's has failed to comply with the filing sequence of Practice Book § 112, it has waived its claim for a motion to dismiss.
II. DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations and internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, CT Page 7601 545 (1991). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1955). "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. By failing to file a timely motion to dismiss, a defendant "submits to the jurisdiction of the court". Brunswick v. Inland Wetlands Commission, 222 Conn. 541,550 (1992). However, lack of subject matter jurisdiction may be raised at any time. Park City Hospital v. Commission onHospitals and Health Care, 210 Conn. 697, 702 (1989).
Fireman's does not contest the subject matter jurisdiction of the court, but challenges only the propriety of the Hartford-New Britain judicial district as the proper forum. It is a well established rule that "[v]enue is not a jurisdictional question but a procedural one. Statutory venue requirements simply [confer] a privilege not to be required to attend court at a particular location". Id. at 45. (Internal quotation marks omitted.) See Savage v. Aronson, 214 Conn. 256, 263
(1990). "Accordingly, it may be waived by the parties, unlike subject matter jurisdiction, which cannot be conferred by consent." Ibid. Therefore, since venue does not go to the subject matter jurisdiction of the court, a claim of improper venue cannot be raised at any time. Practice Book § 144 specifically states that a claim based upon improper venue must follow the filing sequence which is provided in Practice Book §§ 112 and 113 and the time limitations provided in Practice Book § 142.
Practice Book § 112 sets forth the order in which pleadings are to be filed. Sabino v. Ruffolo, 19 Conn. App. 402,404 (1989). Practice Book § 113 states that "[i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section [112] will waive the right to file any pleading which may have been filed in due order and which precedes it in the order of pleading provided in that section." Ibid. Thus, generally, pleadings are not to be filed out of the order which is specified in § 112, and the filing of a pleading listed later in the order set out by § 112 waives the right to be heard on a pleading that appears earlier on the list. Id. at 404. CT Page 7602
"The very words of 113, `when the court does not otherwise order' indicate, however, that the court has discretion to allow the filing of pleadings out of order. Section 6 of the Practice Book supports this view by allowing for the liberal interpretation of the rules where `strict adherence to them will work surprise or injustice' because the very design of the rules is `to facilitate business and advance justice'." Ibid. Accordingly, the court has discretion to overlook the order of the filings and can consider the motion to dismiss.
A motion to dismiss, however, must also conform to the timing requirements of Practice Book § 142 which states that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days
of the filing of an appearance". (Emphasis added.) See alsoDiscover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 307
(1993). Fireman's filed its appearance on April 26, 1996. The motion to dismiss in the instant case was not filed until September 5, 1996, 132 days after Fireman's filed its appearance. Accordingly, this court finds that Fireman's has waived any claim for improper venue because it failed to raise this claim within thirty days of filing its appearance.
III. CONCLUSION
For the foregoing reasons, the Fireman's motion to dismiss is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT