[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a subrogation action brought by plaintiff Amica Mutual Insurance Company, the automobile insurance carrier for Vincent Fortunato. On June 10, 1989 Fortunato's 1989 BMW automobile was stolen from the Crossroads Plaza in West Hartford, and Amica paid insurance proceeds to him for the loss. The automobile was recovered on October 21, 1993 by the East Hartford, Police from the possession of defendant William Jacomini, Jr. Plaintiff seeks money damages from the defendant.
A trial to the court was held on January 30, 1997. The evidence showed that Robert Sandberg, Jr. came to defendant's place of business in East Hartford in October of 1993 and noticed a BMW inside defendant's garage. Defendant told him he was holding the car for a hispanic male by the name of Roberto who wanted to sell the car. Sandberg, who was a police sergeant, was interested in purchasing the car. He subsequently checked the CT Page 5195 vin number and discovered that the car had been stolen from Fortunato.
Defendant testified that he had met Roberto on Park Street in Hartford and that Roberto wanted to sell the car. Defendant further claimed that he arrived at work in East Hartford one morning and found the car outside his garage, that it had a dead battery in it, and contained no plates. He stated that he had the car pushed inside and intended to sell it for Roberto at Roberto's request. The defendant further testified that he had not known that the car was stolen, that he did not know Roberto's last name, and that he did not bother to ask Roberto's last name when he had an opportunity to do so, even after he discovered that the car had been stolen. The court found his testimony to be less than credible.
The plaintiff has alleged that the defendant stole Fortunato's car. The word "steals" as used in General Statutes § 52-564 is synonymous with the definition of larceny under General Statutes § 53a-119. "It includes but is not limited to . . . (8) Receiving stolen property. A person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably beenstolen or believing that it has probably been stolen . . ." (Emphasis added). Lauder v. Peck, 11 Conn. App. 161, 165 (1987).
In accordance with the above statutory definition, the court finds that the defendant is responsible for "stealing" the automobile. He received the stolen property, he retained it, and he was attempting to dispose of it. In light of his unbelievable testimony, the court finds by a fair preponderance of the evidence that he knew that the property had probably been stolen.
The court further finds that the defendant is responsible for common law conversion of the automobile. "Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights." Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303,309. The elements one needs to prove conversion are as follows: (1) that the car belonged to another, (2) that the defendant deprived the owner of the car for an indefinite period of time, (3) that the defendant's conduct was unauthorized, and (4) that the defendant's conduct harmed the owner. Id. The evidence clearly showed that the automobile in question was the property of the plaintiff's insured, that the plaintiff brought this CT Page 5196 action by way of subrogation, having paid its insured for the loss, that the defendant deprived plaintiff's insured of his property for an indefinite period of time, that defendant exercised dominion and control over the vehicle by offering it for sale, that his conduct was unauthorized, that the owner of the automobile was harmed by the loss of his car, and that the plaintiff was damaged by being required to pay insurance proceeds to the owner.
Plaintiff has paid $45,049.50 in satisfaction of Fortunato's loss. Plaintiff upon recovering the car arranged to have it sold at auction for its salvage value. It was sold for $14,100. Plaintiff claims $30,949.50 as its net loss after salvage, plus interest and punitive damages. The court finds the plaintiff is entitled to punitive damages by way of attorneys fees. SeeO'Leary v. Industrial Park Corporation, 211 Conn. 648, 651, 1989, citing Markey v. Santangelo, 195 Conn. 76 (1985); Manning v.Michael, 188 Conn. 607, 619 (1982).
The court finds damages as follows:
$30,949.50 net loss after salvage
 $27,200.00 10% on $45,049.50 from date of loss (7/19/89) to date of salvage (5/1/95)
 $ 4,065.25 10% on $30,949.50 from date of salvage (5/1/95) to date of trial (1/30/97)
 $ 3,000.00 Attorneys fee ---------- $65,214/75
Accordingly, judgment may enter for the plaintiff in the amount of $65,214.75, plus costs.
Frances Allen Judge Trial Referee