[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10556
This case was tried as a Hearing in Damages on October 17, 1997. The plaintiff appeared, and the non-appearing defendant was defaulted for failure to appear on March 13, 1997. A military affidavit, dated October 17, 1997, executed by Deputy Sheriff Donald W. Mattice, is in good order.
The court finds that the defendant, John Maher d/b/a The Ridge Equestrian Center, failed to sell for, or return to the plaintiff, certain horses and equipment. The court finds these horses and equipment valued as follows:
"Spotlight" $15,000
"Escort" ("Sadie") $35,000
"Blue Fire Lady" $3,000
Equipment $1,600
Total $54,000
The court awards damages in the amount of $54,000.
The plaintiff has claimed treble damages pursuant to Connecticut General Statutes, Sec. 52-564. That section provides as follows: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."
In Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, the court stated that to establish a prima facie case of statutory theft, the plaintiff must demonstrate that (1) the property belonged to him; (2) that the defendant intentionally deprived him of his property; and (3) that the defendant's conduct was unauthorized.
The court finds that the property listed above belonged to the plaintiff. When he gave the defendant the horses and equipment to sell, he expected the defendant to negotiate with prospective buyers and take a commission for brokering the sales. The plaintiff never received any funds from the defendant. His attempts to learn about negotiations of sale and, ultimately, the whereabouts of the horses were frustrated. He does not know what CT Page 10557 happened to the horses or equipment or whether the defendant received any money for them. Therefore, based on the preponderance of the evidence, the court finds that the defendant intentionally deprived the plaintiff of his property. The court also finds that the defendant's conduct in failing to restore the property or to pay the plaintiff funds from the sale, if any, of the property, was unauthorized. Pursuant to statute, the court awards the plaintiff treble damages in the amount of $162,000.
The plaintiff withdrew his claim for punitive damages. The court does not award attorney's fees.
Therefore, judgment shall enter in the amount of $216,000, plus costs.
Leheny, J.