[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO DISMISSTHE PLAINTIFFS' APPEAL
On August 6, 1997, Dwight and Ann Way ("plaintiffs") brought this appeal from the Planning and Zoning Commission of the town of Preston ("PZC"). Named as defendants in the appeal are the Planning and Zoning Commission, Robert Barry, and the town clerk of the town of Preston ("defendants"). An explanation of the factual and procedural history underlying this appeal is in order.
On February 29, 1996, Richard Barry made application to the PZC requesting approval for a site plan for a nonconforming building located at 308 Route 164. The property is located in an R-S zone.[1] In conjunction with his application for site plan approval, Barry also applied to the Zoning Board of Appeals ("ZBA") for a variance to increase the size of his prior non-conforming use. On March 5, 1996, the PZC denied Barry's application on the ground that only the ZBA had authority to change a non-conforming use. On April 8, 1996, the ZBA granted Barry's application for a variance.[2] On May 14, 1996, the PZC reconsidered Barry's site plan and granted approval contingent on his filing a revised plan at an unspecified future date. On May 16, 1996, notice of the PZC decision was published.
The plaintiffs' timely appealed the PZC's decision to the ZBA. On June 10, 1996, the ZBA rejected the plaintiffs' appeal on the ground that the ZBA did not have authority to review a decision by the PZC. The plaintiffs appealed the ZBA's decision to the superior court. The court (Hendel, J.) sustained the plaintiffs' appeal finding that "[t]he Preston zoning regulations CT Page 3634 provide an intermediate step of review of the PZC's decision to grant Barry's application for site plan approval. Taking action on a site plan application involves the question of whether the use of the land in question is in compliance with the pertinent zoning regulations. . . . Such decisions concerning the use of the land in question clearly involve enforcement by the PZ[C] of the local regulations in accordance with the town's zoning plan. . . . Accordingly, the court finds that the plaintiffs correctly applied to the ZBA for an appeal of the PZ[C]'s decision to approve the defendant's site plan in a timely manner."[3] Way v. Zoning Board of Appeals, Superior Court, judicial district of New London, Docket No. 110612, 18 CONN. L. RPTR. 637 (February 20, 1997) (Hendel, J.).
On remand, the ZBA, after a hearing, denied the plaintiffs' appeal.[4] The plaintiffs' subsequently appealed the original PZC decision granting approval of the Barry's site plan. On September 8, 1997, defendant Barry filed a motion to dismiss the plaintiffs' appeal. On September 16, 1997, defendant PZC filed a motion to dismiss the plaintiffs' appeal. The plaintiffs filed objections to both motions, and the court heard oral argument.
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall also be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Town ofManchester, 235 Conn. 637, 645 n. 13, 668 A.2d 1314 (1995). "In deciding a motion to dismiss, [the trial court] must consider the allegations of the complaint in their most favorable light. (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). However, "[a] ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional ground[s]." (Citations omitted.) DiscoverLeasing, Inc. v. Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843
(1993).
The defendants argue separate but related grounds for their motions to dismiss. Defendant Barry argues that this court lacks subject matter jurisdiction to hear the plaintiffs' appeal on the ground that the plaintiffs failed to name the ZBA as a party to this action pursuant to General Statutes § 8-8.[5] The defendant PZC argues that the plaintiffs' appeal from the CT Page 3635 original PZC decision is procedurally improper; rather, the plaintiffs' should have taken an appeal from ZBA decision. Since they did not, so argues the defendants, the plaintiffs' cannot now file a timely appeal of the ZBA ruling. See General Statutes § 8-8 (b). The plaintiffs' rebuttal to both motions is that an appeal taken from the original PZC decision is proper.
The issue before this court is (1) whether the plaintiffs' appealed the appropriate administrative decision, and (2) if not, whether this is jurisdictionally fatal to their appeal. In order to determine whether the plaintiffs' appealed the appropriate administrative decision, this court must revisit Judge Hendel's decision in Way v. Zoning Board of Appeals, supra ("Way I").
At issue in Way I was whether the plaintiff's were required to exhaust their administrative remedies prior to bringing an action in the superior court. Relying on Castellon v. ZoningBoard of Appeals, supra, Judge Hendel concluded that exhaustion was required based on a finding that the PZC had exercised enforcement authority and that the Preston zoning regulations specifically provided for intermediate review by the ZBA of the PZC's enforcement decisions.[6]
This court concludes that once it was determined that the ZBA had jurisdiction to hear the appeal in Way I, any subsequent appeal should have been taken from the ZBA decision pursuant to General Statutes § 8-8. See Castellon, supra, 231 Conn. 383. To do otherwise would make little procedural sense. Pursuant to § 8-7, the ZBA was required to conduct a de novo review of the PZC's decision. Assuming, arguendo, that there was a defect in the original PZC decision, the ZBA could very well have corrected the defect, and yet, as a result of the plaintiffs' decision to appeal the original decision, and its failure to make the ZBA a party to the proceeding, this court would not be able to review the corrected record. The plaintiffs should have appealed from the ZBA decision, and plaintiffs' failure to do so means both an untimely appeal of the PZ decision pursuant to General Statutes § 8-8[7], and the failure to appeal from the decision of the ZBA, a necessary party.
The appeal is dismissed on the ground that plaintiffs' incorrectly appealed the PZC decision, and, as such, are now precluded from bringing a timely appeal of the ZBA decision.
KOLETSKY, J. CT Page 3636