[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS
On November 20, 1997, the plaintiff Roy Kenney filed a four count complaint sounding in negligence against Green Community, Trinity Church, and Marita Sullivan.
On January 2, 1998, Trinity Church entered an appearance. On February 9, 1998, Green Community entered an appearance.
On March 16, 1998, Green Community filed a motion to dismiss and an accompanying memorandum of law to dismiss Roy Kenney's complaint "on the ground that the process failed to specify a Return Date within two months of the date of process in violation of Connecticut General Statutes § 52-48 (b)."[1] Motion To Dismiss, p. 1. On March 20, 1988, Trinity Church filed a motion to dismiss and an accompanying memorandum of law[2] to dismiss Roy Kenney's complaint "on the ground that the process failed to specify a Return Date within two months of the date of process, in violation of Connecticut General Statutes § 52-48(b)." Motion To Dismiss, p. 1.
On April 30, 1998, Roy Kenney filed a Memorandum of Law In Opposition To Defendants' Motion to Dismiss, a Request To Amend The Complaint, and an Amended Complaint. Roy Kenney argues in his objection that pursuant to Practice Book § 142[3] the defendants' Motions to Dismiss are untimely as these motions were filed after thirty days the defendants filed their appearance. Memorandum of Law In Opposition, p. 2. CT Page 7040
"[A]n improper return date implicates the jurisdiction of the court over the person, not over the subject matter . . . SeeBridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989)."Asen v. Butler Bill Associates, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 284254 (November 12, 1991, McGrath, J.).
"A defendant may contest the personal jurisdiction of the court `even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of the appearance.' Practice Book § 142." Brunswick v.Inland Wetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260
(1992).
"[M]otions to dismiss must be made within thirty days of filing an appearance." Discovery Leasing, Inc. v. Murphy,33 Conn. App. 303, 307, 635 A.2d 843 (1993). "The motion to dismiss was filed more than thirty days after [the] defendant's appearance was filed. . . . This is in violation of Connecticut Practice Book §§ 142 and 144 and, therefore, lack of jurisdiction is waived. See Concept Associates, Ltd. v. Board ofTax Review, 229 Conn. 618, 620-21, [642 A.2d 1186] (1994) . . . the motion to dismiss is denied." Ferrigno v. Mills, Superior Court, judicial district of Tolland at Rockville, Docket No. 056554 (February 21, 1995).
Accordingly, the defendants' motions to dismiss were filed more than thirty days after the filing of their respective appearances. Therefore, based on the foregoing, the defendants' motions to dismiss are denied.
Gill, J.