[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (#113)
By way of a six count complaint filed with the court on October 23, 1995, the plaintiff seeks damages for the injuries he sustained from the defendants' alleged conduct.[1]
The plaintiff's complaint alleges the following facts. The defendant Pequot Pharmaceutical Network (PRxN) is an "entity" of the Mashantucket Pequot Tribe;[2] operating a for profit, commercial organization in Pawcatuck, Connecticut. PRxN does not conduct business within the Mashantucket Pequot Reservation. At the time giving rise to the plaintiff's claims, the defendant Dr. Amarillys Rodriguez (Rodriguez) was the Medical Director of PRxN and maintained a residence in Waterford, Connecticut. The defendant Dawn Coley (Coley) was the Employee Health Services Coordinator for PRxN and maintained a residence in Norwich, Connecticut. The defendant William A. Millar, II, (Millar) was the President and Chief Executive Officer of PRxN and he maintained a residence in North Stonington, Connecticut.
In July, 1994, the plaintiff, B. Geoffrey Burnham (Burnham), interviewed with Rodriguez and Coley regarding a position as a physician assistant with PRxN. During that interview, Burnham alleges that Rodriguez and Coley made certain representations to him for the purpose of inducing him to accept the position when CT Page 6912 an offer was extended.[3] The day after the interview, Burnham was offered the position of Physician Assistant. At all times during the salary negotiations, the defendants allegedly knew that Burnham already held a secure position with another company and also knew that he was considering other employment offers. Burnham accepted the employment offer and, based on the representations made by Cooley and Rodriguez, he believed his employment with PRxN would be secure and that he would not be demoted or discharged except for cause.
In July, 1994, Burnham began working for PRxN as a Physician Assistant. He received a copy of the Mashantucket Pequot Tribe Personnel Policies and Procedures Employee Handbook which set forth the grievance procedure available to all PRxN employees in any adverse employee action. Burnham read the manual and relied upon the handbook's provisions in continuing his employment with PRxN.
In the fall of 1994, the plaintiff's relationship with Rodriguez began to deteriorate. While Burnham alleges he was "popular and well liked at PRxN", he also alleges Rodriguez "resented and was envious of the recognition the plaintiff" received at various times through his employment.
In January of 1995, Burnham examined a patient who was a personal friend of Rodriguez. Ten days after the examination Rodriguez called Burnham at home and demanded his resignation. Rodriguez' actions were allegedly based upon a rumor that the plaintiff was conducting unnecessary rectal exams. Burnham alleges he told Rodriguez that the rumors were absurd and, thereafter, Rodriguez demanded that Burnham resign based upon a complaint from her friend whom Burnham had examined. The friend allegedly told Rodriguez that during her exam, Burnham had made an inappropriate comment. When Burnham refused to resign, he was suspended and terminated by PRxN. Burnham alleges the actions of Rodriguez led to PRxN's decision to suspend and terminate his employment.
Burnham further alleges he sought relief by invoking all of the necessary steps contained in the Personnel Manual to pursue a grievance. He alleges all of the provisions applicable to the processing of a grievance were essentially ignored by the individual defendants and PRxN. The defendant Millar communicated Burnham's termination in a letter wherein Millar cited "unprofessional behavior's by Burnham. The letter was delivered CT Page 6913 to the plaintiff at PRxN's Pawcatuck office. Allegedly, a public announcement was made concerning the plaintiff's termination and he was summarily escorted from the building by security personnel.
As previously noted, the plaintiff commenced the present action by summons and complaint returnable to the court on October 31, 1995, wherein he seeks damages from the individual defendants and PRxN, and he seeks reinstatement of his position as a Physician's Assistant with PRxN. The defendants have filed a motion to dismiss, and the plaintiff has filed an opposition to that motion. This court heard oral argument on February 23, 1998. At oral argument, the defendants' filed an affidavit in support of its motion. Some portions of that affidavit were contested and relevant factual agreements or disputes will be discussed as necessary. On May 28, 1998, the defendants filed a supplemental memorandum of law in support of its motion to dismiss.
A "motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995); Johnson v. Dept. of Public Health,48 Conn. App. 102, 107 n. 6, ___ A.2d ___ (1998). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v.C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
The defendants move for dismissal of this action on the grounds that the plaintiff's failure to exhaust tribal remedies and the Tribe's sovereign immunity deprive this court of subject matter jurisdiction to hear the plaintiff's claims against PRxN and the individual defendants. The plaintiff argues in opposition that the defendants' arguments assume "broad factual claims which are not apparent in the pleadings". Plaintiff's opposition, 7. The plaintiff further argues that even if the defendants met its evidentiary burden, "as a matter of law . . . the issue of tribal immunity and exhaustion are issues which do not deprive this court of subject matter jurisdiction" because those doctrines CT Page 6914 only address "the superior court's discretion as a matter of comity" and, therefore, do not function as a jurisdictional bar.
Contrary to plaintiff's claim, however, "[t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. PeabodyN.E. Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).[4] "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light."Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that basis alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issues and not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional ground[s]." (Citations omitted.) Discover Leasing Inc. v. Murphy,33 Conn. App. 303, 306-07, 635 A.2d 843 (1993).
a. Claims against PRxN
In light of the recent United States Supreme Court decision in Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.,
66 U.S.L.W. 4384, 4385 (U.S. May 26, 1998), the plaintiff's claims against PRxN must be dismissed because the doctrine of sovereign tribal immunity deprives this court of subject matter jurisdiction over that portion of the plaintiff's complaint.
As an initial matter this court notes that although the Court acknowledged, in dicta, that while "[i]n [the] economic context, immunity can harm those who are unaware that the are dealing with a tribe, who do not know of tribal immunity, or who have no choice in the matter, as in the case of tort victims"; id., 4386; where "Congress has not abrogated this immunity, nor the [Tribe] waived it . . . immunity governs. . . ." Id., 4387.[5]
As in the Kiowa Tribe case, the plaintiff in the instant action argues that PRxN is not entitled to the immunity afforded CT Page 6915 to Mashantucket Pequot Tribe because PRxN conducts commercial activity outside the boundaries of the Mashantucket reservation. The Supreme Court clearly rejected that contention when it held that a tribal entity enjoyed immunity from suit on contracts, "whether those contracts involve governmental or commercial activities and whether they are made on or off a reservation."Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 
supra, 66 U.S.L.W. 4387. In his complaint, the plaintiff alleges that PRxN is an entity of the Mashantucket Tribe. In its affidavit in support of its motion to dismiss, the defendants' affiant averred that "PRxN [is] an unincorporated wholly-owned [entity[6]] of the Tribe." This court finds in accordance with the agreement of both parties that the defendant PRxN is an entity of the Mashantucket Pequot Tribe. This court, therefore, is bound by the Kiowa Tribe 
decision.
In the present case, the plaintiff seeks damages from PRxN and a declaratory judgment of reinstatement based on his contention that PRxN is liable for breach of contract, negligent misrepresentation, and negligent infliction of emotional distress. Clearly, those claims fall within the Supreme Court's broad rule of tribal sovereign immunity which cannot be "subject to diminution by the States." Id., 4386.
Accordingly, the defendants' motion to dismiss the claims against PRxN is granted.
b. Claims against Rodriguez, Coley, Millar
"The doctrine of tribal immunity `extends to individual tribal officials acting within their representative capacity and within the scope of their authority.'" Romanella v. Hayward,933 F. Sup. 163, 167 (D.Conn. 1996), aff'd, 114 F.3d 15 (2d Cir. 1997), quoting Hardin v. White Mountain Apache Tribe,779 F.2d 476, 478 (9th Cir. 1985). See also Tenneco Oil Co. v. Sac FoxTribe of Indians of Oklahoma, 725 F.2d 572, 574 (10th Cir. 1984). As previously noted, the plaintiff alleged in his complaint that each individual defendant, "[w]hile engaged in the tortious conduct alleged herein . . . [was] acting beyond the authority bestowed [on the individual], or if within said authority then beyond the scope of authority PRxN was capable of bestowing under the law." Plaintiff's complaint, ¶¶ 4-6. It is true, as the defendants note in their memorandum that, "allegations of the plaintiff that an individual acted outside the scope of his authority, without more, are insufficient to allow an action to CT Page 6916 proceed against the individual defendants." Defendants' memorandum, 28, citing Niagara Mohawk Power v. Tonawanda Band ofSeneca Indians, 862 F. Sup. 995, 1002 (W.D.N.Y. 1994). What the defendants fail to note, however, is that the Niagra Mohawk case was decided at the summary judgment level; id.; as opposed to the present case whereas the defendants move this court to undertake the same reasoning without the benefit of an undisputed factual predicate. The court declines to take such a course of action.
As noted previously, "the court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." Savage v. Aronson, supra, 214 Conn. 264. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that basis alone. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees, supra, 207 Conn. 62. While affidavits as to undisputed facts may refute the presumption afforded to the plaintiff's allegations; id.; the defendants' affidavit in support is silent as to this issue. This court notes, again, that "[a] ruling on a motion to dismiss is [not] a ruling on the merits of the action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional ground[s]." (Citations omitted.) Discover Leasing, Inc. v. Murphy, supra,33 Conn. App. 306-07. This court finds the plaintiff' s argument "that the issue of liability of the defendants is intertwined with the issue of jurisdiction — i.e. whether the defendants acted outside the scope of their authority as employees of . . . PRxN goes to both the jurisdictional issue and [the] merits of the claim — it is premature for the Court to decide the issue until it addresses the merits of the complaint on a motion for summary judgment or at trial." Plaintiff's memorandum, 50.
Accordingly, the defendants' motion to dismiss the claims against the individual defendants on the ground of tribal sovereign immunity is denied.[7]
Conclusion
The defendants' motion to dismiss count one and so much of counts four and six as is directed to PRxN is granted. The defendants' motion to dismiss counts two, three, five and so much of counts four and six as is directed to the defendants Rodriguez, Coley, and Millar, is denied.
Koletsky, J. CT Page 6917