[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 1, 1997
The apportionment defendant's motion to dismiss (# 109) the apportionment complaint is granted on the ground that the defendants failed to file the apportionment complaint within six days of the return date of the apportionment complaint in accordance with General Statutes § 52-46a. Correspondingly, the apportionment defendant's motion to dismiss the cross-claim against it is also granted on the ground that the apportionment defendant is no longer a party to this action.
I. Factual and Procedural History
In the underlying action, Gail Everett brought a complaint sounding in negligence against Patricia M. Widlitz and Richard D. Karsmarski (hereinafter the "defendants") for injuries she allegedly suffered after falling on snow-covered ice located on property owned by one or both of the defendants.[1] On April 15, 1996, the defendants answered Everett's complaint and asserted Everett's contributory negligence as a special defense.
On September 19, 1996, the defendants asserted a cross-claim against Karsmarski and Foster Construction Co., Inc., (hereinafter "Foster Construction") alleging negligence and breach of contract. In their cross-claim, the defendants assert that they contracted with Foster Construction for snow removal on the property in question. The cross-claim asserts that Everett's injuries, if any, were caused by the negligence of Foster CT Page 4958 Construction, and/or that Everett's injuries, if any, were the result of Foster Construction's breach of contract with the defendant.
On October 15, 1996, the defendants filed a resigned copy of an apportionment complaint against Foster Construction with a return date of July 30, 1996, along with a sheriffs affidavit stating that the original process had been lost prior to receipt by defendants' counsel.[2]
On November 8, 1996, Foster Construction filed an appearance in the matter, and on November 15, 1996, Foster Construction filed a motion to dismiss the apportionment complaint and the cross-claim against it. On January 13, 1997, the court heard oral argument on the above-mentioned motion to dismiss, and also received the defendants' memorandum in opposition to Foster Construction's motion to dismiss. On January 22, 1997, Foster Construction filed a reply to the defendants' memorandum in opposition.
II. Motion to Dismiss Legal Standard
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . ." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person, . . . insufficiency of process, and . . . insufficiency of service of process." Knipple v. Viking Communications, 236 Conn. 602, 604 n. 3, 674 A.2d 426 (1996), quoting Practice Book § 143. "The motion to dismiss shall also be used to assert . . . lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Town of Manchester, 235 Conn. 637,645 n. 13, 668 A.2d 1314 (1995). "[I]n deciding a motion to dismiss, [the trial court] must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256, 264,571 A.2d 696 (1990). However, "[a] ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional ground[s]." (Citations omitted.) Discover Leasing, Inc. v.Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843 (1993).
III. Discussion CT Page 4959
Foster Construction argues that the defendants' apportionment complaint and cross-claim should be dismissed because 1) the original apportionment complaint has not been filed with the court, (2) even if the court accepts the copy of the apportionment complaint as valid, the apportionment complaint was filed with the court seventy-seven (77) days after the stated return date and therefore fails to comply with General Statutes § 52-46a, and (3) the cross-claim should be dismissed because a) at the time the cross-claim was filed, Foster Construction was not a party to the action, and/or b) if the court dismisses the apportionment complaint, Foster Construction will no longer be a party to the action and thus is not amenable to a cross-claim by the defendants.
The defendants counter Foster Construction's argument by asserting 1) that the timing requirement in General Statute §52-46a does not apply to an apportionment complaint; and 2) if the timing requirement does apply, the court should allow the defendants to correct the defect pursuant to General Statutes § 52-72.
This court finds that the requirements of § 52-46a do apply to Public Act 95-111 and that the defendants failed to meet those requirements in filing their apportionment complaint, thus rendering it subject to dismissal.
The issue is one of statutory construction. Public Act 95-111, now codified at General Statutes § 52-102b, is the exclusive means by which a defendant, in any civil action to which § 52-572h applies, can cite in a party for apportionment purposes.[3] Section 52-102b provides in pertinent part that "[a] defendant in any civil action to which section52-572h of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the superior court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, CT Page 4960 hereinafter called the apportionment defendant, shall be a party for all purposes including all purposes under section 52-572h of the general statutes." General Statutes § 52-102b(a).
"The purpose of statutory construction is to give effect to the intended purpose of the legislature . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted.) Statev. DeFrancesco, 235 Conn. 426, 435, 668 A.2d 348 (1995). General Statutes § 52-102b provides that "the defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the superior court . . ." General Statutes § 52-102b. From the express language of the statute, it is clear that the legislature intended the rules of Connecticut practice to apply to the service of an apportionment complaint on an apportionment defendant. Thus, § 52-46a is applicable to the service of an apportionment complaint pursuant to § 52-102b.
General Statutes § 52-46a requires that process returnable to the Superior Court shall be returned "to the clerk of such court at least six days before the return day." General Statutes § 52-46a. In Rogozinski v. American Food ServiceEquipment Corp., 211 Conn. 431, 559 A.2d 1110 (1989), the Supreme Court held that compliance with § 52-46a "is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement."[4] Id. 433.
In this case, assuming arguendo that a copy of the apportionment complaint was sufficient, the defendants' failure to return the process to the court until October 15, 1996, seventy-seven days after the July 30, 1996 return date, is a voidable defect.[5]
To correct this defect, the defendants suggest that the court has the power to permit amendment to the return date pursuant to General Statutes § 52-72. The court disagrees. General Statutes § 52-72 provides in pertinent part: "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . ." General Statutes § 52-72 (a). InShelansky v. Roivisto, Superior Court, judicial district of CT Page 4961 Hartford-New Britain at Hartford, Docket No. 633137, 13 CONN. L. RPTR. 532 (February 27, 1995, Corradino, J.), the court explained that the purpose for § 52-72 was to correct "defects in the actual process and not defects in service of process or failure to make proper return . . . Simply put, failure to comply with the requirements of Section 52-46a cannot be cured by an amendment to the civil process . . . in this case because there is nothing defective in the writ, summons, and complaint but the problem lies in the fact that process wasn't properly returned to the court." (Brackets omitted; Internal quotation marks omitted.)Shelansky v. Roivisto, supra. The court concluded that "[i]f the plaintiffs interpretation is adopted there is practically no limit short of due process considerations to a court's power to correct defects in service of process o[r] failure to comply with rules on return of process." Id.
This court concurs with the reasoning in Roivisto. In this case, the defendants have failed to comply with the mandatory requirements for return of process set forward by § 52-46a. The apportionment defendant has properly raised the defect, and dismissal is mandatory.
Since the court has dismissed the defendants' apportionment complaint against Foster Construction, the court also dismisses the defendants' cross-claim against Foster Construction. Cross-claims are claims made by a defendant against another defendant. See Practice Book § 116. Since Foster Construction is not a party to the action, a cross-claim is not permissible.
Foster Construction's motion to dismiss the defendants' apportionment complaint and cross-claim is granted on the ground that this court lacks jurisdiction over the matter because 1) the defendant failed to comply with the return of process requirements set forward in § 52-46a, and 2) Foster Construction is not a party to this action and therefore is not subject to the cross-claim.
BOOTH, J.