[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
This action arises out of an accident that occurred on February 3, 1993, when Steven Gwara sustained personal injuries as a result of falling off a ladder while performing some work in an apartment under renovation for which the plaintiff, Marconi Construction Company, Inc., was acting as the general contractor. Gwara's separate action against Marconi was settled on September 2, 1994, and on June 26, 1995, Marconi brought this action against the third party plaintiff, D'Addeo's/AS Plumbing Heating Co., Inc. ("D'Addeo's"), who had subcontracted to perform plumbing and heating work on the site. In its one count revised complaint dated January 1, 1996, Marconi alleges that pursuant to the terms of its contract with D'Addeo's, Marconi had the right to recover from D'Addeo's the expenses it incurred in defending the Gwara suit and the amount paid to settle the claim.
On November 20, 1995, D'Addeo's filed an apportionment complaint against Connecticut Cooling Total Air, Inc. ("Total Air") alleging that, at the time of the accident, Gwara was an employee of Total Air and that Marconi alone had the obligation to provide a reasonably safe means through which Gwara could gain access to the various floor levels of the subject building. D'Addeo's further alleges that if any liability arises out of Marconi's contract with D'Addeo's, Total Air is also bound by that contract pursuant to the terms of the contract between D'Addeo's and Total Air and therefore is likewise obligated to indemnify Marconi.
On July 24, 1996, Total Air filed a motion to strike D'Addeo's apportionment complaint on the grounds that (a) because Gwara was an employee, Total Air is immune from CT Page 670 liability by virtue of General Statutes § 31-284 (a); and (b) a claim for indemnification cannot be asserted in an apportionment complaint.
On June 18, 1996, D'Addeo's filed a two count cross-claim against Total Air alleging that pursuant to the terms of the contract between Marconi and D'Addeo's, Total Air was obligated to indemnify and defend D'Addeo's for any losses incurred as a result of Gwara's injuries. In the second count D'Addeo's alleges that the negligence of Total Air was the sole cause of Gwara's alleged injuries because at the time of the accident Total Air was in exclusive control of the premises, D'Addeo's had no reason to anticipate Total Air's negligence, and D'Addeo's reasonably relied on Total Air not to be negligent.
On July 24, 1996, Total Air filed a motion to strike D'Addeo's cross-claim on the ground that there is no basis for D'Addeo's cross-complaint because Total Air is not D'Addeo's co-defendant, as required by Practice Book § 116.
I. Motion to Strike Apportionment Complaint
P.A. 95-111(c), codified as General Statutes §52-102b(c), provides that a person immune from liability cannot be made an apportionment defendant "nor shall such person's liability be considered for apportionment purposes for a claim brought pursuant to General Statutes § 52-572h."
General Statutes § 52-572h provides in pertinent part:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."
Total Air argues that it cannot be made an apportionment defendant because in the present case Total CT Page 671 Air is Gwara's employer and, as such, it is shielded from liability by virtue of General Statutes § 31-284(a), the exclusivity provision of the Workers' Compensation Act. D'Addeo's recognizes the general rule that a claim for apportionment cannot be made against an employer because of the bar provided by the exclusivity provision of the Workers' Compensation Act but argues, however, that the rule is inapplicable in the present case because there is an independent legal duty running from Total Air to D'Addeo's by virtue of the indemnification clause in the contract between Marconi and D'Addeo, which binds Total Air, takes the claim out of the exclusivity provision.
General Statutes § 52-572h(c) authorizes apportionment against "each party against whom recovery is allowed. . . ."Richmond v. Thames Harbour Associates, Inc., Superior Court, judicial district of New London at New London, Docket No. 531340 (February 1, 1996, Hurley, J.). As a general rule, however, recovery is not allowed against an employer because the exclusivity provision of the Workers' Compensation Act operates as a total bar to actions brought against employers for job related injuries. Squeglia v. Milne ConstructionCo., 212 Conn. 427, 433 (1989); Quimby v. Kimberly ClarkCorp. , 28 Conn. App. 660, 666 (1992). When a "third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied . . . because of the operation of the exclusive-remedy clause." Ferryman v.Groton, 212 Conn. 138, 144-45 (1989). Nevertheless, "if the employer can be said to have breached an independent duty towards the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care. . . ." Id.
Recently the Supreme Court has confirmed in Skuzinskiv. Bouchard Fuels. Inc., 240 Conn. 694, 699 (1997) that an employer can be held liable as a joint tortfeasor where there exists an independent legal relationship between the employer and the third party. CT Page 672
In the present case D'Addeo's alleges that Total Air subcontracted with D'Addeo's to perform heating and air conditioning work on the site and that pursuant to the terms of such subcontract, Total Air is bound by the contract between Marconi and D'Addeo's and therefore has the obligation to compensate Marconi for the losses incurred. Thus, D'Addeo's seeks apportionment of the liability attributable to Total Air. This court need not address the exact nature and extent of the alleged independent legal relationship and whether the agreement at issue required Total Air to hold D'Addeo's harmless from liability, since these issues cannot be resolved on a motion to strike. In the present case Total Air's obligation is based on its alleged contractual obligation to indemnify Marconi. Because the Workers' Compensation Act does not bar claims based upon an express agreement by the employer to hold harmless a third party, D'Addeo's apportionment complaint is legally sufficient.
As a second ground in support of its motion to strike, Total Air argues that a claim for indemnification is inappropriate in an apportionment complaint. It is true that the apportionment complaint makes reference to the words `indemnification' and `indemnity' but our Supreme and Appellate Courts have, on more than one occasion, reminded us that words are not talismans capable of transforming, by the mere fact that they are used in the allegations, the true essence of a claim. State v. Wilkins, 240 Conn. 489,518 (1997); Reynolds v. Chrysler First Commercial Corp. ,40 Conn. App. 725, 731, cert. denied, 237 Conn. 913 (1996);Quimby v. Kimberly Clark Corp. , supra, 28 Conn. App. 668;Mingachos v. CBS, Inc., 196 Conn. 91, 101 (1985).
D'Addeo's pertinent prayer for relief seeks a determination by the factfinder of a percentage of liability, if any, attributable to the apportionment defendant, Connecticut Cooling Total Air, Inc. The relief thereby sought is not consistent with a claim for indemnification. In indemnity, the party held legally liable shifts the entire loss to another because of some special relationship existing between them. Durand v. TMCManufacturing, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396077 (June 15, 1993, Hennessey, J.) (8 C.S.C.R. 685). Rather D'Addeo's seeks a determination of the percentage of CT Page 673 liability for which Total Air is responsible and states a claim for apportionment, not for indemnification.
Since both grounds raised by Total Air fail to undermine the legal sufficiency of the apportionment complaint, its motion to strike is denied.
II. Motion to Strike Cross-Claim
Total Air moves to strike D'Addeo's cross-claim on the ground that a cross-claim can only be filed by a defendant against a co-defendant and, therefore, is procedurally insufficient because Total Air is not a defendant in the action brought by Marconi. D'Addeo's argues that after July 1, 1995, by virtue of Public Act 95-111, codified as General Statutes § 52-102b, an apportionment defendant is a party for all purposes including the filing of a cross-claim.
D'Addeo's cross-claim seeks indemnification from Total Air for any damages D'Addeo's may be required to pay to Marconi as the result of Gwara's injuries. Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701 (1988). Practice Book § 116 provides in pertinent part: "A defendant may also file a counterclaim or cross claim under this section against anyother party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against the defendant." The issue to be resolved is whether a third party defendant is a `party to the action' within the meaning of Practice Book § 116.
In any civil action governed by General Statutes §52-572h, General Statutes § 52-102b is the exclusive means by which a defendant can cite in a third party who may be liable to the plaintiff for all or part of the damages suffered. Everett v. Widlitz, Superior Court, judicial district of New London, Docket No. 537562 (May 1, 1997, Booth, J.) (19 Conn. L. Rptr. 416); Shea v. Thomson, Superior Court, judicial district of New London at Norwich, Docket No. 109076 (November 29, 1996, Booth, J.); Stroud v.Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen, J.) (16 Conn. L. Rptr. 403, 404). CT Page 674
General Statutes § 52-102b provides in pertinent part:
 A defendant in any civil action to which section 52-572h of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint . . . . The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes including all purposes under section 52-572h of the General Statutes.
From the express language of the statute, it is clear that an apportionment defendant's status as a party is in all respects, identical to that of an original defendant and an apportionment defendant has available all defenses and all remedies available to an original defendant. Consequently our rules of practice relating to the filing of a cross-complaint apply to an apportionment defendant in the same manner as they apply to an original defendant. Thus, it is concluded that the term `party to the action' in Practice Book § 116 includes a third party defendant impleaded by way of an apportionment complaint filed pursuant to General Statutes § 52-102b.
This conclusion is buttressed by a review of the legislative history of General Statutes § 52-102b. Seeking a clarification on whether the term `party' as used in the statute refers to someone who is a party to the lawsuit, Representative Radcliffe asked: "My understanding is that the bill uses the word `parties' and the word `party' is used for purposes of apportionment. Is it the proponent's understanding that `party' means party to the lawsuit and not anyone anywhere in the world who might possibly be said to have been in some way responsible? That's the way I read it. I just want to make sure that the intent is good, that `party' means party to the action. . . ." 38 H.R. Proc., CT Page 675 Pt. 9, 1995 Sess., p. 3272. Representative Lawlor, one of the proponents of the bill replied: "Yes. In fact, it would mean anyone who is actually a party to the lawsuit." Id. After a further exchange of questions and answers, Representative Radcliffe concluded: "I think this bill makes clear, as the colloquy just indicated, that party means a party to the action. It doesn't mean any [other] individual." 38 H.R. Proc., supra, p. 3275.
This language makes it clear that the legislature intended that a third party defendant is, for all purposes, a party to the action by virtue of the apportionment complaint filed against it on November 20, 1995, Total Air is a party to the action brought by Marconi against D'Addeo's and, therefore, is amenable to a cross-claim pursuant to Practice Book § 116.
Total Air's motion to strike D'Addeo's cross-claim is denied.
WAGNER, JUDGE TRIAL REFEREE